IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 09 2017

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

**BRI'YANA RUMPH, Individually and on
Behalf of All Others Similarly Situated**                          **PLAINTIFF**

vs.                            No. 4:17-cv-*740-BSM*

**STONEMARK MANAGEMENT, LLC**                                      **DEFENDANT**

## ORIGINAL COMPLAINT—
## CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Bri'Yana Rumph ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Joshua West and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint—Class and Collective Action, against Defendant Stonemark Management, LLC ("Defendant"), and does hereby state and allege as follows:

This case assigned to District Judge *Miller*
and to Magistrate Judge *Deere*

### I.    PRELIMINARY STATEMENTS

1.    The purpose of this Original Complaint—Class and Collective Action (hereinafter "Complaint") is to make allegations of violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, on behalf of Plaintiff Bri'Yana Rumph and the class she seeks to represent regarding unpaid overtime wages.

### II.    JURISDICTION AND VENUE

2.    Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and

the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty (40) per workweek as required by the FLSA and AMWA.

3.  The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.  Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

5.  This Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6.  Defendant conducts business within the State of Arkansas, operating or managing apartment complexes.

7.  Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

8.  Defendant employed Plaintiff at a location within the Eastern District of Arkansas.

9. The acts alleged in this Complaint had their principal effect within the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

10. Plaintiff is an individual and a resident and domiciliary of the State of Arkansas.

11. Defendant is a foreign limited liability company whose registered agent for service of process for the State of Arkansas is THE CORPORATION COMPANY, 124 WEST CAPITOL AVENUE, SUITE 1900, LITTLE ROCK, ARKANSAS 72201.

12. Defendant is a multi-family property management company headquartered in Atlanta, Georgia.

### IV. FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

14. Defendant has at least two employees that handle, sell, or otherwise work with goods or materials that have been moved in or produced for commerce.

15. Defendant's annual gross volume of sales or business done for each of the three years preceding the filing of the Original Complaint is not less than $500,000.00.

16. Defendant has maintained more than four employees within the State of Arkansas at all times after three years preceding the Original Complaint.

17. Defendant operate in nine states, including Arkansas, Texas, Mississippi, Tennessee, Alabama, Georgia, Florida, South Carolina and Virginia.

18. Defendant employed Plaintiff as a leasing consultant at the McCain Park Apartments, 3900 McCain Park Drive, North Little Rock, Arkansas 72116, from approximately June of 2017 through October of 2017.

19. Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

20. During the period relevant to this lawsuit, Defendant classified Plaintiff as an hourly employee, non-exempt from the overtime requirements of the FLSA and the AMWA.

21. Plaintiff worked more than forty hours per week in one or more weeks during her tenure.

22. While Defendant employed Plaintiff as a leasing consultant, Defendant paid Plaintiff non-discretionary monetary bonuses.

23. The bonuses Defendant paid to its Plaintiff were fixed amounts and were based on Plaintiff's performance and ability to meet certain criteria set by Defendant.

24. Plaintiff worked as an hourly-paid leasing consultant and received non-discretionary bonuses.

25. Defendant did not include Plaintiff's bonuses when calculating her regular rates for overtime pay purposes.

26. Plaintiff worked more than forty hours in at least one week in which she also earned a bonus, and her bonus was not included in the calculation of her overtime pay rate.

27. Other hourly-paid employees also worked more than forty hours in at least one week during the time period relevant to this Complaint in which they also earned a bonus, and their bonuses were not included in the calculation of their overtime pay rate.

28. Defendant violated the FLSA and AMWA by not including the bonus of Plaintiff into her regular rate when calculating her overtime pay.

## V.  FLSA § 216(b) COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

30. Plaintiff bring her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

31. At all relevant times, Defendant maintained one corporate office or department responsible for developing or implementing Defendant's pay policies for all of its locations, company-wide.

32. All leasing consultants who worked for Defendant were paid an hourly rate and were eligible for non-discretionary monetary bonuses.

33. The bonuses Defendant paid to its leasing consultants were fixed amounts and were based on the employee's performance and ability to meet certain criteria set by Defendant.

34. At least some leasing consultants, other than Plaintiff, were paid an hourly rate and were eligible for non-discretionary monetary bonuses.

35. At least some leasing consultants, other than Plaintiff, worked more than forty hours per week during weeks in which they earned a bonus.

36. Defendant did not include leasing consultants' bonuses in the leasing consultants' regular rate for purposes of calculating overtime pay.

37. All assistant managers who worked for Defendant were paid an hourly rate and were eligible for non-discretionary monetary bonuses.

38. The bonuses Defendant paid to its assistant managers were fixed amounts and were based on the employee's performance and ability to meet certain criteria set by Defendant.

39. At least some assistant managers, other than Plaintiff, were paid an hourly rate and were eligible for non-discretionary monetary bonuses.

40. At least some assistant managers, other than Plaintiff, worked more than forty hours per week during weeks in which they earned a bonus.

41. Defendant did not include assistant managers' bonuses in the assistant managers' regular rate for purposes of calculating overtime pay.

42. Other employees, other than leasing consultants and assistant managers, were eligible for bonuses and were paid an hourly rate.

43. Other employees, other than leasing consultants and assistant managers, who were eligible for bonuses and were paid an hourly rate, worked more than forty hours per week in at least one workweek within the three years preceding the filing of the Original Complaint.

44. Defendant did not include bonuses in other employees' regular rate for purposes of calculating overtime pay.

45. Plaintiff proposes a collective class under the FLSA, which may be preliminarily defined as follows:

> Each hourly-paid employee who worked for Defendant within three years preceding the filing of the Original Complaint, and to whom Defendant paid a bonus pursuant to any bonus plan in at least one week in which the employee worked more than forty hours per week.

46. The relevant time period dates back three years from the date on which the Original Complaint was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

47. The members of the proposed Bonus FLSA Class are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the minimum wage and overtime requirements of the FLSA;

B. They were subject to Defendant's common policy of failing to include non-discretionary bonuses in their regular rate of pay when calculating overtime pay;

C. They were subject to Defendant's common policy of excluding bonuses when calculating hourly workers' overtime rates;

48. Plaintiff is unable to state the exact number of potential members of the Bonus FLSA Class but believes that the class exceeds one hundred (100) persons.

49. Defendant can readily identify the members of the Section 16(b) class, which encompass all hourly-plus-bonus employees at Defendant's locations.

### VI. AMWA RULE 23 CLASS ACTION ALLEGATIONS

50. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

51. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, bring this claim for relief for

violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

52. Plaintiff proposes a collective class under the FLSA, which may be preliminarily defined as follows:

> Each hourly-paid employee who worked for Defendant in the State of Arkansas within three years preceding the filing of the Original Complaint, and to whom Defendant paid a bonus pursuant to any bonus plan in at least one week in which the employee worked more than forty hours per week.

53. Upon information and belief, Defendant has employed more than forty (40) hourly employees that also earn or earned bonuses within Arkansas. Therefore, the proposed Bonus AMWA Class is so numerous that joinder of all members is impracticable.

54. Common questions of law and fact relate to all of the proposed Bonus AMWA Class members, such as:

A. Whether Defendant failed to include non-discretionary bonuses in class members' regular rate of pay when calculating class members' overtime pay; and

B. Whether Defendant paid the members of the proposed class one and one-half times their regular wages for hours worked over forty (40) in each week in accordance with the AMWA.

55. The above common questions of law and fact for the class predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the AMWA Class.

56. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202. To that end, all non-exempt employees must be paid for time worked over forty (40) hours per week at a rate of one and one-half times their regular rate. Ark. Code Ann. § 11-4-211.

57. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

58. Concentrating the litigation in this forum is highly desirable because Plaintiff and all proposed Rule 23 class members work or worked within Arkansas.

59. No difficulties are likely to be encountered in the management of this class action.

60. The claims of Plaintiff are typical of the claims of the proposed Bonus AMWA class in that Plaintiff worked as an hourly-paid employee who also received bonuses from Defendant and experienced the same violations of the AMWA that all other class members suffered.

61. Plaintiff and their counsel will fairly and adequately protect the interests of the class.

62. Plaintiff's attorneys are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

63. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VII. FIRST CAUSE OF ACTION

### (Individual Claim for Violation of the FLSA)

64. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

65. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

66. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

67. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

68. 29 U.S.C. §§ 206 and 207 requires any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

69. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

70. Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's failing to include bonuses paid to Plaintiff when calculating overtime wages.

71. Defendant's failure to pay Plaintiff all overtime wages owed was willful, and Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs violated the FLSA.

72. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.    SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the AMWA)

73. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

74. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

75. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

76. Arkansas Code Annotated §§ 11-4-210 and 211 requires employers to pay all employees a minimum wage for all hours worked up to forty in one week and to

pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

77. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

78. Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's failing to include bonuses paid to Plaintiff when calculating overtime wages.

79. Defendant's failure to pay Plaintiff all overtime wages owed was willful, and Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the AMWA.

80. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## IX.   THIRD CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

81. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

82. Plaintiff, individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

83. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

84. Defendant classified Plaintiff and all similarly situated members of the Bonus FLSA Class as non-exempt from the overtime requirements of the FLSA and paid them non-discretionary bonuses.

85. Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated members of the Bonus FLSA Class an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

86. Defendant's failure to pay Plaintiff and members of the FLSA Class all overtime wages owed was willful, and Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and members of the FLSA Class violated the FLSA.

87. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and members of the FLSA Class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## X.   FOURTH CAUSE OF ACTION

### (Class Action Claim for Violation of the AMWA)

88. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

89. Plaintiff, individually and on behalf of the members of the proposed AMWA Class, assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

90. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed AMWA class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

91. Despite the entitlement of Plaintiff and the members of the proposed Bonus AMWA Class to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff and the members of the proposed class an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

92. Defendant's failure to pay Plaintiff and members of the AMWA Class all overtime wages owed was willful, and Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and members of the AMWA Class violated the AMWA.

93. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all members of the proposed AMWA Class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### XI.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Bri'Yana Rumph, individually and on behalf of all others similarly situated and the members of the proposed Section 216 and Rule 23 classes, respectfully pray as follows:

A. That Defendant Stonemark Management, LLC, be summoned to appear and answer this Complaint;

B. For orders regarding certification of and notice to the proposed collective and class members;

C. For an order of this Honorable Court entering judgment in their favor against Defendant for their actual economic damages in an amount to be determined at trial;

D. For liquidated damages as provided for under the FLSA and the AMWA;

E. For their attorneys' fees, costs, and pre-judgment interest; and

F. For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**BRI'YANA RUMPH, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By:  /s/ Joshua West
Joshua West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

and  /s/
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com