# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BRI'YANA RUMPH, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: 4:17-CV-740-BSM |
| STONEMARK MANAGEMENT, LLC, | ) ) | |
| Defendant. | ) | |

**JOINT STIPULATION OF SETTLEMENT AND RELEASE**

This Joint Stipulation of Settlement and Release (the "Agreement") is entered into by and between Bri'Yana Rumph (the "Named Plaintiff"), individually and on behalf of the collective of individuals she seeks to represent (collectively with the Named Plaintiff, "Plaintiffs"), and Defendant Stonemark Management, LLC ("Defendant") (together with Plaintiffs, the "Parties").

**RECITALS**

**WHEREAS**, the Named Plaintiff has filed a Complaint asserting claims against Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; and the Arkansas Minimum Wage Act, Ark. Code Ann. 11-4-201, *et seq.*, for the alleged failure to properly pay overtime by failing to include non-discretionary bonus payments in the regular rate for purposes of determining the amount of overtime due to Plaintiffs (the "Litigation");

**WHEREAS**, the purpose of this Agreement is to settle the claims asserted in the Litigation for the time period November 9, 2014 to December 31, 2017;

**WHEREAS**, Defendant denies all allegations made by Named Plaintiff in the Litigation and denies that it is liable or owes damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendant has agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation;

**WHEREAS**, the Parties agreed to engage in discussions regarding the possibility of a voluntary resolution of the claims asserted in the Litigation;

**WHEREAS**, the Parties participated in the exchange and review of payroll data and other relevant information and entered into informal negotiations through their counsel which resulted in this Agreement; and

**WHEREAS**, Plaintiffs' Counsel analyzed and evaluated the merits of the claims made against Defendant in the Litigation, conducted interviews with Named Plaintiff and potential witnesses, obtained and reviewed documents relating to Defendant's compensation policies and practices, and analyzed payroll data provided by Defendant, and based on this analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery or might result in a less favorable recovery, and that any recovery would not occur for several years, Plaintiffs' Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the Plaintiffs' best interests.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to settle the Litigation on the following terms and conditions.

1. **DEFINITIONS**

   The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1    "Agreement" means this agreement and the exhibits hereto, which the Parties understand and agree set forth all material terms and conditions of the Settlement between them, and which is subject to Court approval.

1.2    "Approval Order" means an order entered by the Court, which approves the Settlement and this Agreement.

1.3    "Eligible Hourly Employees," mean individuals who held an hourly position with Defendant in which they received a non-discretionary bonus and worked more than 40 hours per week in at least one workweek during the time period November 9, 2014 to December 31, 2017.

1.4    "Claim Form" means the claim form included in the Settlement Notice, as defined below, for Eligible Hourly Employees to opt-in to the litigation.

1.5    "Claim Period" shall mean the 60-day period beginning immediately after Plaintiffs' Counsel mails a Settlement Notice and Claim Form.[1]

1.6    "Complaint" means the Class and Collective Action Complaint, dated November 9, 2017.

1.7    "Court" means the United States District Court for the Eastern District of Arkansas.

---

[1] All time periods provided by this Agreement are stated in calendar days, not business days, unless otherwise specifically identified.

**1.8**   "Defendant" means Stonemark Management, LLC.

**1.9**   "Defendant's Counsel" means Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

**1.10**   "Employer Payroll Taxes" means all tax payments an employer is required to make arising out of or based upon the payment of employment/wage compensation in this Litigation, including FICA, FUTA, and SUTA obligations.

**1.11**   "Gross Settlement Amount" means Sixty-Five Thousand Dollars ($65,000.00), which is the maximum amount that Defendant has agreed to pay to fully resolve and settle this Litigation, including any claim for attorneys' fees and costs; and any and all amounts to be paid to Participating Hourly Employees, including the Named Plaintiff's service award.

**1.12**   "Last Known Address" or "Last Known Addresses" means the most recently recorded personal mailing address for an Eligible Hourly Employee as shown in Defendant's records.

**1.13**   "Last Known Telephone Number" means the most recently recorded telephone number for an Eligible Hourly Employee as shown in Defendant's records.

**1.14**   "Litigation" or the "Lawsuit" or the "Action" mean the lawsuit captioned as *Bri'Yana Rumph, individually and on behalf of all others similarly-situated,* Case No. 4:17-CV-740-BSM (E.D. Ark.)

**1.15**   "Named Plaintiff" means Bri'Yana Rumph.

**1.16**   "Net Settlement Fund" means the remainder of the Gross Settlement Amount after deductions/payments for Court-approved: (i) Plaintiffs' Counsel's attorneys' fees and costs; and (ii) service award to the Named Plaintiff.

**1.17**   "Participating Hourly Employees" means all Eligible Hourly Employees who timely execute and return a Claim Form. Named Plaintiff shall be considered a Participating Hourly Employee regardless of whether she returns a timely executed Claim Form.

**1.18**   "Parties" collectively means the Named Plaintiff and Defendant.

**1.19**   "Plaintiffs" means the Named Plaintiff and the collective of individuals that she seeks to represent.

**1.20**   "Plaintiffs' Counsel" means Sanford Law Firm, PLLC.

**1.21**   "Releasees" means Defendant and the other companies that comprise Stonemark Management, LLC, and their officers, directors, employees, agents, insurers, successors, predecessors, affiliates, parents, subsidiaries, attorneys, and other related entities.

**1.22**   "Relevant Period" means the time period between November 9, 2014 and December 31, 2017.

**1.23**    "Settlement" means the settlement between the Parties embodied and contained in this Agreement.

**1.24**    "Settlement Amount" or "Settlement Amounts" means each Eligible Hourly Employee's proportionate share of the Net Settlement Fund calculated in accordance with this Agreement.

**1.25**    "Settlement Check" means the check issued to each Participating Hourly Employee for their proportionate share of the Net Settlement Fund calculated in accordance with this Agreement.

**1.26**    "Settlement Notice" means the document entitled Notice of Settlement and Opportunity to Join Collective Action and Claim Form, to be approved by the Court in a form substantially similar to **Exhibit A** attached hereto.

**2.**    **APPROVAL AND NOTICE TO ELIGIBLE SETTLEMENT COLLECTIVE MEMBERS**

**2.1**    This Agreement is a binding agreement and contains all material agreed-upon terms for the Parties to seek a full and final settlement of the Litigation.

**2.2**    Plaintiffs' Counsel will be responsible for calculating the proportionate Settlement Amount due to each Eligible Hourly Employee and for mailing the Settlement Notice to Eligible Hourly Employees.

**2.3**    Defendant agrees to provide Plaintiffs' Counsel accurate information, as provided herein and to the extent reasonably available, necessary to calculate the Settlement Amounts and to locate Eligible Hourly Employees.  Defendant's records shall be presumed accurate.

**2.4**    The Parties shall use their best efforts to file a Joint Motion for Order Approving Settlement of Collective Action and Authorizing Notice of Settlement and Opportunity to Join Collective Action ("Approval Motion") within 14 days after the execution of this Agreement.  With the Approval Motion, the Parties also will file the Agreement together with a proposed Approval Order and Settlement Notice and Claim Form, attached hereto as **Exhibit A**.  Among other things, the Approval Motion will ask the Court to: (i) approve the Settlement as fair, adequate, and reasonable; (ii) approve the proposed Settlement Notice and the plan for its distribution; (iii) incorporate the terms of the Settlement; and (iv) enter Judgment dismissing the case with prejudice.

**2.5**    Within seven days of the date the Approval Order is issued, Defendant shall give Plaintiffs' Counsel a list, in electronic form, of all Eligible Hourly Employee's Names, Last Known Addresses, Last Known Telephone Number, and applicable pay data for the Relevant Period from which Plaintiffs' Counsel can calculate each Eligible Hourly Employee's proportionate Settlement Amount.

**2.6**    Settlement Notices will be mailed, via First Class United States Mail (with an enclosed addressed and postage paid return envelope) to Eligible Hourly Employees by Plaintiffs' Counsel within 21 days of the date the Approval Order is issued.  The Settlement Notice

will advise Eligible Hourly Employees of the Settlement Amount they will receive if they choose to participate.

**2.7**     The submission and processing of Claim Forms from Eligible Hourly Employees shall be in accordance with the following procedures.

    i.     To be timely, a Claim Form must be completed and provide the information as instructed on the Claim Form and be signed, dated, and returned to Plaintiffs' Counsel bearing a postmark date that is within the Claim Period. Claim Forms that are not timely returned and/or are not properly completed are null and void, unless otherwise agreed to in writing by the Parties.

    ii.     By the close of the Claim Period, Eligible Hourly Employees for whom a Claim Form has not been returned to Plaintiffs' Counsel or whose Claim Form is not a valid Claim Form in compliance with this Section are <u>not</u> Participating Hourly Employees and do not release their claims against the Releasees as described in Section 4 below, but waive any right to receive any payment associated with the Settlement.

**2.8**     In the event that the Court fails to approve this Agreement, the Parties (a) will attempt to renegotiate the Settlement for the purpose of obtaining Court approval of a renegotiated settlement and agreement (b) and/or any or all Parties may seek reconsideration or appellate review of the decision denying approval of the Agreement. In the event reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement modification is not approved, and the Parties decide to forego further negotiation of a settlement, the Litigation will proceed as if no settlement had been attempted. In that event, nothing in the Settlement or Agreement may be used by or against any Party as stated in Rule 408 of the Federal Rules of Evidence.

**3.     SETTLEMENT TERMS**

**3.1     Settlement Payments.**

    i.     Defendant agrees to pay the Gross Settlement Amount of Sixty-Five Thousand Dollars ($65,000.00), which shall fully resolve and satisfy any and all amounts to be paid to Participating Hourly Employees; to Plaintiffs' Counsel for costs in the amount of $3,450.00, which includes filing fee, service fee, and costs for administering this settlement; to Plaintiffs' Counsel for attorneys' fees in the amount of $24,620.00, and a service award of $2,000.00 to the Named Plaintiff. Defendant shall pay Employer Payroll Taxes for each Participating Hourly Employee and shall deduct required withholdings from the amounts to be paid to Participating Hourly Employees.

    ii.     Within 14 days after the Court's approval of this Agreement, Defendant shall deliver to Plaintiffs' Counsel a check for attorneys' fees and costs and a check to Named Plaintiff for Named Plaintiff's service award.

iii.    Within 14 days after the close of the Claim Period, Plaintiffs' Counsel shall provide Defendant's Counsel with copies of all Claim Forms signed by Participating Hourly Employees. Plaintiffs' Counsel may provide copies of these forms via email or facsimile.

iv.    Within 30 days after receipt of the Claim Forms signed by Participating Hourly Employees, Defendant will cut checks to Participating Hourly Employees for their Settlement Amounts, as described in Section 3.4 and deliver such checks to Plaintiffs' Counsel for distribution to Participating Hourly Employees. Defendant shall pay Named Plaintiff's share of the Net Settlement Fund at this time as well.

**3.2    Settlement Amounts Payable as Attorneys' Fees and Costs.**

i.    In their Approval Motion, Plaintiffs' Counsel shall ask the Court to approve payment of costs in the amount of $3,450.00, which includes filing fee, service fee, and costs for administering this settlement, and attorneys' fees in the amount of $24,620.00. This amount shall constitute full satisfaction of any claim for attorneys' fees or costs, and Plaintiffs agree that they shall not seek, nor be entitled to, any additional attorneys' fees or costs under any theory or from any source, incurred in relation to this case other than for any fees and costs incurred related to any efforts to enforce the terms of this Agreement.

ii.    The substance of Plaintiffs' Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the Settlement and this Agreement. The outcome of any proceeding related to Plaintiffs' Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Approval Motion. In the event that the Court (or any appellate court) awards less than the requested amounts, only the awarded amounts shall be paid and shall constitute full satisfaction of the obligations of this Section and full payment hereunder. Any money requested for attorneys' fees or costs that are not approved by the Court shall become part of the Net Settlement Fund.

**3.3    Service Award.**

i.    In the Approval Motion, Named Plaintiff will apply to the Court to receive a service award of $2,000.00 from the Gross Settlement Amount for the services she rendered to the settlement collective.

ii.    This service award and any requirements for obtaining any such payments are separate and apart from, and in addition to, the Named Plaintiff's recovery from the Net Settlement Fund as a Participating Hourly Employee. The substance of the Named Plaintiff's application for a service award is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy and good faith of the Settlement and this Agreement. The outcome of the Court's ruling on the application for a service award shall not

terminate this Agreement or otherwise affect the Court's ruling on the Approval Motion. Any service award money not approved by the Court shall become part of the Net Settlement Fund.

**3.4    Distribution of Payments to Participating Hourly Employees.**

i.    Payments to Participating Hourly Employees will be made from the Net Settlement Fund. To be a Participating Hourly Employee and receive a Settlement Check, each Eligible Hourly Employee must fill out and timely submit a Claim Form, as outlined in Section 2. The estimated Settlement Amount for each Eligible Hourly Employee will be determined by Plaintiffs' Counsel pursuant to the following principles: For each of the three years in the Relevant Period, each Eligible Hourly Employee's potential recovery of unpaid overtime will be based on the pro rata share of their potential recovery calculated by first creating a settlement Bonus Overtime Rate ("BOR"). Based upon Defendant's year-to-date payroll records for each year in the Relevant Period, the BOR will be determined by dividing total hours into total bonus money paid and then multiplying by 0.5. The BOR will then be multiplied by total overtime hours to determine each Eligible Hourly Employee's potential recovery.

The Net Settlement Fund will be divided into a monthly equivalent by dividing the Net Settlement Fund by 38, which is the total number of months covered in the Relevant Period. The monthly equivalent of the Net Settlement Fund will be assigned to each set of year-to-date payroll records, according to the number of months represented in each set.

Each Eligible Hourly Employee's pro rata share will then be calculated by dividing each Eligible Hourly Employee's potential recovery by the total of all Eligible Hourly Employees' potential recovery in each set of year-to-date payroll records to obtain a share decimal or percentage. Each Eligible Hourly Employee's share decimal or percentage will be multiplied by the total of the monthly equivalent of the Net Settlement Fund assigned to each set of year-to-date payroll records to determine each Eligible Hourly Employee's pro rata share.

ii.    Plaintiffs' Counsel's calculations regarding Eligible Hourly Employees Settlement Amounts from the Net Settlement Fund will be final and binding.

iii.    Participating Hourly Employees shall have 120 days following the issuance of Settlement Checks to negotiate their Settlement Checks. Any Settlement Checks not cashed within that period shall become void and Defendant shall issue a "stop payment" thereon, unless the check is lost or damaged and Defendant's Counsel is notified within 120 days following the issuance of Settlement Checks. Defendant shall reissue, at no cost, any lost or damaged settlement checks if notified within 120 days following the issuance of Settlement Checks. Any reissued checks are void if not cashed within 90 days of reissuance. The funds associated with any voided checks shall revert to Defendant.

    iv.    Defendant's Payroll Tax Responsibility and Tax Characterization of Payments.

        (a)    For tax purposes, the payment to a Participating Hourly Employee pursuant to this Agreement shall be treated as back wages.

        (b)    Defendant's share of payroll taxes shall be paid separately and in addition to the Gross Settlement Amount.

        (c)    Payments treated as back wages shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and Social Security number on an IRS Form W-2. The service award to the Named Plaintiff shall be treated as non-wage income and reportable on IRS Form 1099. Defendant will be responsible for issuing the Settlement Checks and service award and issuing IRS Forms W-2 and Forms 1099. Payments of attorneys' fees and costs pursuant to Section 3.2 shall be made without withholding, and be reported to the IRS and an IRS Form 1099 will be issued to Plaintiffs' Counsel.

        (d)    The employee portion of all applicable income and payroll taxes will be the sole responsibility of the individual Participating Hourly Employees receiving a Settlement Check or service award. The Parties make no representations, and it is understood and agreed that the Parties have made no representations, as to the taxability of any portions of the settlement payments to any Participating Hourly Employees, the payment of any costs or award of attorneys' fees, or the service award. The Settlement Notice will advise Eligible Hourly Employees to seek their own tax advice prior to acting in response to that Settlement Notice. Neither Plaintiffs' Counsel nor Defendant's Counsel intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

**3.5**    **Reversion.** Any portion of the Gross Settlement Amount not distributed under the terms of this Agreement shall revert to Defendant.

**3.6**    **Neutral References**. If Releasees receive a request for a reference from a prospective employer of Named Plaintiff, Releasees shall provide a reference within a reasonable time, and Releasees shall limit their response strictly to dates of employment, and positions or titles held. Named Plaintiff agrees to direct all prospective employers seeking such a reference to contact Stonemark's Human Resources Director.

**4.**    **RELEASE OF CLAIMS**

**4.1**    Release by Participating Hourly Employees: Conditioned upon the Court's entry of the Approval Order, and in exchange for monetary consideration received pursuant to this Agreement, all Participating Hourly Employees shall release Releasees from all claims arising from Defendant's alleged failure to properly pay overtime by failing to include

non-discretionary bonus payments in the regular rate for purposes of determining the amount of overtime due under state and federal Wage and Hour laws, that accrued during their employment as Eligible Hourly Employees, relating back to the full extent of the state and federal statute of limitations and continuing through December 31, 2017, including, without limitation, all state and federal claims for unpaid overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses, arising out of the allegations in this Litigation. The claims being released are referred to in this Agreement as "Released Claims." Participating Hourly Employees do not release any of their claims under state and federal Wage and Hour laws not arising from Defendant's alleged failure to properly pay overtime by failing to include non-discretionary bonus payments in the regular rate for purposes of determining the amount of overtime due.

**4.2**    Notwithstanding Named Plaintiff's definitional status as a Participating Hourly Employee, Named Plaintiff and Releasees release each other from any and all claims they may have against each other arising out of Named Plaintiff's employment with Defendant.

**4.3**    Any Eligible Hourly Employee who does not timely execute and return a Claim Form will not be considered a Participating Hourly Employee and will not receive any payment pursuant to this Agreement and will not release any claims.

## 5.    PARTIES' AUTHORITY

**5.1**    The signatories represent that they are fully authorized to enter into and to bind the Parties to the terms and conditions of this Agreement.

## 6.    MUTUAL COOPERATION

**6.1**    The Parties agree to reasonably cooperate with each other and to take all steps necessary and appropriate to obtain the Court's approval of this Agreement and all of its terms and to effectuate the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their commercially reasonable efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein. As soon as practicable after execution of this Agreement, and in accordance with its terms, the parties shall take all necessary steps to secure the Court's approval of this Agreement.

## 7.    NOTICES

**7.1**    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Plaintiffs and/or Settlement Collective:

Joshua Sanford
Joshua West
Sanford Law Firm, Pllc
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
 (501) 221-0088
 (888) 787-2040 (facsimile)
josh@sanfordlawfirm.com
west@sanfordlawfirm.com

To Defendant:

Lauren H. Zeldin
Harry M. Rowland, III
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
191 Peachtree Street, NE, Suite 4800
Atlanta, Georgia 30303
(404) 881-1300
(404) 870-1732 (facsimile)
Lauren.zeldin@ogletreedeakins.com
Harry.rowland@ogletreedeakins.com

## 8.   NO ADMISSION OF LIABILITY

8.1   Defendant denies all of the allegations made by Named Plaintiff in the Litigation and denies that it is liable or owes damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nothing herein will be deemed or used as an admission that a collective or class action should be certified for any purposes other than for settlement. Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendant has agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation.

## 9.   INTERPRETATION AND ENFORCEMENT/MISCELLANEOUS TERMS

9.1   No Public Comment. The Parties and their counsel agree that they do not intend to issue any press releases announcing the Settlement. Plaintiffs' Counsel will not state on their firm's website either the amount of the Settlement Payment or the terms and conditions of the Settlement, but may state on their website that the Action was settled.

9.2   Further Acts. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

9.3   No Assignment. Named Plaintiff represents and warrants that she has not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any

portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action, and any attempt to do so shall be of no force or effect.

9.4    Entire Agreement.  This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein.

9.5    Binding Effect.  This Agreement shall be binding upon the Parties and, with respect to Defendant, its affiliates, parents, subsidiaries, predecessors, successors, employees and agents; and, with respect to Plaintiffs, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

9.6    Arms' Length Transaction; Materiality of Terms.  The Parties have negotiated all the terms and conditions of this Agreement at arms' length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

9.7    Captions.  The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

9.8    Construction.  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

9.9    Governing Law.  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Arkansas, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

9.10   Waivers, etc. to Be in Writing.  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification or amendment, with any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement

9.11   Counterparts.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same original instrument.

9.12   Facsimile, Electronic, and E-mail Signatures.  Any party may execute this Agreement by signing, including by electronic means, or by causing its counsel to sign on the

designated signature block below and transmitting that signature page via facsimile or e-mail to counsel for the other party.  Any signature made and transmitted by facsimile or e-mail for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or e-mail.

9.13    Signatories.  This Agreement is valid and binding if signed by Defendant's authorized representative and the Named Plaintiff.

*[Signatures on the following page]*

**WE AGREE TO THESE TERMS.**

DATED: 7-29-2016      **STONEMARK MANAGEMENT, LLC**

By: _____

Allen J. Brock, Member, VP

DATED: 7/5/2018      **BRI'YANA RUMPH**

_____

Exhibit
A

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| BRI'YANA RUMPH, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: 4:17-CV-740-BSM |
| STONEMARK MANAGEMENT, LLC, | ) ) | |
| Defendant. | ) | |

**CONSENT TO JOIN SETTLEMENT AND RELEASE AND CLAIM FORM**

**The form must be returned to Plaintiffs' Counsel so that it is postmarked by [60 DAYS FROM DATE OF MAILING].**

I hereby consent and opt-in to become a plaintiff for settlement purposes in a lawsuit brought under the Fair Labor Standards Act ("FLSA"), *Bri'Yana Rumph individually and on behalf of all others similarly situated v. Stonemark Management, LLC,* Civil Action No. 4:17-CV-740-BSM.  I consent and agree to be bound by any adjudication of this action by the Court. I further agree to be bound by the collective action settlement approved by the Court.  I hereby designate the law firm of Sanford Law Firm, PLLC, to represent me in this action.

I understand that if I return this Claim Form, I will fully release Stonemark Management, LLC ("Stonemark") and its parents, subsidiaries, affiliates, predecessors, successors, members, shareholders, officers, directors, agents, insurers, employees, and assigns (the "Releasees") from all claims arising from Stonemark's alleged failure to properly pay overtime by failing to include non-discretionary bonus payments in the regular rate for purposes of determining the amount of overtime due under state and federal Wage and Hour laws, including without limitation overtime claims, that accrued during my employment with Stonemark as an Hourly Employee (which is

defined to include any hourly position in which an employee worked more than 40 hours in at least one work week and received payment of a non-discretionary bonus) relating back to the full extent of the state and federal statute of limitations and continuing through December 31, 2017, including, without limitation, all state and federal claims for unpaid overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses, arising out of the allegations in this case.

_____    _____    _____
Name (print)                              Signature                                 Date

_____
Street Address

_____
City, State and Zip Code

_____    _____
  Telephone Number                                   Email Address

2

**OFFICIAL COURT NOTICE OF SETTLEMENT AND OPPORTUNITY TO JOIN**

[NAME]
[ADDRESS]
[CITY, STATE ZIP]

**You are receiving this Court-authorized notice because you are entitled to a payment from a collective lawsuit settlement. To receive the payment, you must complete the enclosed Consent to Join Settlement and Release and Claim Form.**

*A court authorized this notice. This is not a solicitation from a lawyer.*

- This notice pertains to any individual employed by Stonemark Management in an hourly position who worked more than 40 hours in at least one workweek and who received non-discretionary bonuses between November 9, 2014 and December 31, 2017 (the time period covered by the lawsuit).

- A former hourly employee who received non-discretionary bonuses has sued Stonemark, alleging that Stonemark failed to properly pay her overtime compensation for all hours worked in excess of 40 per workweek. Specifically, Plaintiff alleges that Stonemark failed to include non-discretionary bonuses in the "regular rate" calculation for purposes of determining the amount of overtime owed to Plaintiff. Stonemark denies these allegations and the Court has not made any ruling on the merits of Plaintiff's claims. The Parties have entered into a settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expense.

- You are receiving this notice because Stonemark's records indicate you were employed as an Hourly Employee who worked more than 40 hours in at least one workweek and who received non-discretionary bonuses during the period covered by the lawsuit, and therefore you are eligible to participate in the settlement.

- The estimated amount of your individual settlement award, if you choose to participate, is listed below, on Page 3, Section 5.

- As described more fully below, to participate in the settlement, you must mail a properly completed Consent to Join Settlement and Release and Claim Form ("Claim Form") to Plaintiffs' Counsel so that it is post-marked by [INSERT DATE THAT IS 60 DAYS FROM DATE OF MAILING]. If you fail to timely return a Claim Form post-marked by [INSERT DATE THAT IS 60 DAYS FROM DATE OF MAILING], you will not receive any money from the settlement.

**Your legal rights may be affected, and you have a choice to make:**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **RETURN THE CLAIM FORM** | By returning a properly completed Claim Form, you agree to participate in the settlement, receive a monetary settlement payment, and release your claims arising from Defendant's alleged failure to properly pay overtime by failing to include non-discretionary bonus payments in the regular rate for purposes of determining the amount of overtime due under state and federal Wage and Hour laws. |
| **DO NOT RETURN THE CLAIM FORM** | If you do not wish to participate in or be bound by the settlement, you should not return the Claim Form.  If you do not timely return a properly completed Claim Form postmarked by [INSERT DATE THAT IS 60 DAYS FROM DATE OF MAILING], you will not receive a monetary settlement payment and will not release your claims. |

These rights and options – and the deadlines to exercise them – are explained in this notice.

**BASIC INFORMATION**

1.    **WHY DID I GET THIS NOTICE?**

Stonemark's records reflect that you worked as an Hourly Employee who worked more than 40 hours in at least one workweek and who received at least one non-discretionary bonus between November 9, 2014 and December 31, 2017 (the period covered by the lawsuit).

The Court ordered that you be sent this notice because you have a right to know about the settlement of a collective action lawsuit in which you are eligible to participate.  This notice explains the lawsuit, the settlement, your legal rights, and what benefits are available.

The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas, is overseeing the lawsuit.   The lawsuit is known as *Bri'Yana Rumph individually and on behalf of all others similarly situated v. Stonemark Management, LLC,* Civil Action No. 4:17-CV-740-BSM.  The person who filed the lawsuit is called the "Plaintiff."  Stonemark is called the "Defendant."

2.    **WHAT IS THIS LAWSUIT ABOUT AND WHY IS THERE A SETTLEMENT?**

The lawsuit is about whether Stonemark failed to properly include non-discretionary bonuses in the regular rate of pay for purposes of calculating overtime.

Stonemark denies that it did anything wrong.  However, to avoid the burden, expense, and uncertainty of continuing litigation, the parties have agreed to this settlement.  The Court has not made any ruling on the merits of the Plaintiff's claims, and no party has prevailed in this action.

**3.     WHAT IS A COLLECTIVE ACTION?**

In a "collective action," one or more people called "Named Plaintiffs" sue on behalf of people who have similar claims.  However, the other employees who have similar claims do not become part of the collective action until they "opt in" to the lawsuit.  You may "opt in" to the lawsuit and participate in the settlement by returning the enclosed Claim Form.  If you timely return the enclosed Claim Form, you will receive a settlement check.

**4.     WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT?**

Stonemark has agreed to pay $65,000.00 to settle the lawsuit and compensate Hourly Employees who are covered by the settlement.  The Court has approved the following payments from the fund: (i) attorneys' fees in the amount of $24,620.00; (ii) out-of-pocket costs and expenses incurred by Plaintiffs' attorneys in the amount of $3,450.00; and (iii) a service award to the Named Plaintiff in the amount of $2,000, in recognition of the risks she took and her service to the collective.

**5.     HOW MUCH WILL MY PAYMENT BE AND HOW WAS IT CALCULATED?**

Based on the formula that has been approved by the Court, you will receive the gross amount of approximately $**AMOUNT**.

This payment will be treated as wages for which you will receive a W-2.  All applicable deductions, including taxes, will be taken from the gross amount.

The allocation formula takes into account the number of hours of overtime you worked and the amount of non-discretionary bonuses you received during the period of time covered by the settlement.  The Settlement Agreement contains the exact allocation formula.  You may obtain a copy of the Settlement Agreement by contacting Plaintiffs' Counsel at the address listed below.

*Plaintiffs' Counsel and Defendant's Counsel do not make any representations concerning the tax consequences of this settlement or participation in it, and you are advised to seek your own personal tax advice prior to acting in response to this notice.*

**6.     HOW DO I MAKE A CLAIM?**

In order to join in the lawsuit and receive a payment under the settlement, you must complete, sign and mail the enclosed Claim Form to Plaintiffs' Counsel at the address

listed below.  Your Claim Form must be postmarked by no later than [INSERT DATE THAT IS 60 DAYS FROM DATE OF MAILING].

The address for Plaintiffs' Counsel - to whom all Claim Forms and questions should be directed – is:

**Joshua Sanford**
**Joshua West**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**
**west@sanfordlawfirm.com**

Plaintiffs' Counsel will distribute settlement checks to all Hourly Employees who return timely Claim Forms.  You will have 120 calendar days after the date your settlement check is issued to negotiate and cash your settlement check, unless the check is lost or damaged and Defendant's Counsel is notified that the check was lost or damages within 120 days following the issuance of Settlement Checks.  Any reissued checks are void if not cashed within 90 days of reissuance.  If you do not cash your check within the time allotted, you will lose your right to obtain your share of the settlement.

7.    **WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT?**

If you return a properly completed Claim Form, you will become part of the collective action settlement.  Once you become part of the settlement, you cannot sue, continue to sue, or be a party in any other lawsuit against Stonemark and other Releasees about any Released claims, as explained below.  It also means that all of the Court's orders will apply to you and legally bind you.

The "Releasees" are Stonemark and its parents, subsidiaries, affiliates, predecessors, successors, members, shareholders, insurers, officers, directors, agents, employees, and assigns.

The "Released Claims" are all claims arising from Defendant's alleged failure to properly pay overtime by failing to include non-discretionary bonus payments in the regular rate for purposes of determining the amount of overtime due under state and federal Wage and Hour laws, that accrued during your employment as an Hourly Employee relating back to the full extent of the state and federal statute of limitations and continuing through December 31, 2017, including, without limitations, all state and federal claims

4

for unpaid overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses, arising out of the allegations in this case.

If you do not want to participate in, or be bound by, the settlement, you should not return the Claim Form.

8.      **DO I HAVE A LAWYER IN THIS CASE?**

The law firm of Sanford Law Firm, PLLC has been designated as legal counsel to represent you and other Hourly Employees who participate in the settlement. You will not be charged separately for these lawyers. Their fees will be paid from the total settlement fund (as explained in Section 4 above).

9.      **HOW CAN I GET MORE INFORMATION?**

If you have additional questions about this notice or want more information, you can contact Plaintiffs' Counsel at the addresses and/or telephone numbers below.

Joshua Sanford
Joshua West
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com
west@sanfordlawfirm.com

Dated: [INSERT DATE]